IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER MATHERS,

     Petitioner,

v.                        Case No. 26-CV-00031-SPM

WARDEN, FCI GREENVILLE,

     Respondent.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Christopher Mathers is a federal inmate presently housed at Greenville Federal Correctional Institution in Illinois. Proceeding *pro se*, Petitioner brings this habeas corpus action under 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") assignment of PATTERN score points. (Doc. 1). This Petition is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which can be applied to petitions brought under Section 2241 in accordance with Rule 1(b). *See Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). For the reasons set forth below, the Petition is **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Mathers was charged with and pleaded guilty to one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. 1, p. 2). On February 27, 2023, Mathers was sentenced to 150 months in prison followed by a mandatory five years of supervised release. (*Id*.). Mathers did

not file a direct appeal or a Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255.

Mathers filed the instant Petition for Writ of Habeas Corpus on January 12, 2026, challenging the BOP's assignment of PATTERN recidivism score points. (Doc. 1). Specifically, he alleges that he was incorrectly assigned six recidivism points for "absconding."[1] (*Id.*, p. 3). Petitioner argues that said assignment was incorrect because BOP Policy 5100.08, which relates to inmate security designation and custody classification, requires a finding of guilt when assessing recidivism points for a history of escape, and his Pre-Sentence Investigation Report does not contain information related to this subject. (*Id.*). Petitioner also notes that the Supreme Court's holding in *Loper Bright Enterprises, et al. v. Raimondo*, 603 U.S. 369 (2024), which overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), precluded the BOP's deference in its interpretation of this policy. (*Id.*).

## LEGAL STANDARD

A petitioner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Petitioners are required to exhaust administrative remedies before seeking relief in federal district courts, including before filing a § 2241 petition. *See Ihmoud v. Jett*, 272 F. App'x 525, 526 (7th Cir. 2008) (citing *Richmond v. Scibana*,

---

[1] Petitioner was originally assigned nine PATTERN recidivism score points, but the BOP reduced this assignment on August 28, 2025. (Doc. 1, p. 4).

387 F.3d 602, 604 (7th Cir. 2004)); *see also Sewell v. United States*, No. 1:22-1420-MMM, 2023 WL 1110289, at *2 (C.D. Ill. Jan. 30, 2023). To exhaust administrative remedies, petitioners must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d, 1022, 1025 (7th Cir. 2002). The BOP's administrative remedy process consists of four tiers that require completion prior to a petitioner bringing their Petition in federal court. *See generally* 28 C.F.R. §§ 542.13–15.

Rule 4 authorizes the Court to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

DISCUSSION

Mathers argues that the assignment of six PATTERN recidivism score points was erroneous, and that such error negatively affects the calculation of his First Step Act time credits. (*Id.*, p. 5). After reviewing the Petition, the Court concludes that he is not entitled to relief for two independent reasons. First, a request to alter a PATTERN recidivism score points is not cognizable in a habeas petition. And second, even if such a claim were properly brought under § 2241, Mathers has not presented his concerns to the BOP through the required administrative process.

For context, the First Step Act ("FSA"), enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). As relevant here, the FSA required the Attorney General to develop a "risk and needs assessment system" (referred to in the statute as "the System") to be used by the BOP

to, among other things, determine the recidivism risk of all federal prisoners; classify prisoners as being at a minimum, low, medium, or high risk of recidivism; place prisoners in appropriate evidence-based recidivism reduction programs or productive activities so that all prisoners have a meaningful opportunity to reduce their classification; and reassess the recidivism risk of each prisoner periodically. 18 U.S.C. § 3632(a)(1), (3), (4), and (5). In compliance with the Act's mandate to develop "the System," the BOP created and published the "Prisoner Assessment Tool Targeting Estimated Risk and Needs," a risk assessment tool, otherwise known as PATTERN. *See* BOP Program Statement 5410.01: First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), dated November 18, 2022, Section 5.1.

Under the FSA and PATTERN, inmates convicted of non-violent crimes can earn ten days of FSA time credit for every thirty days of successful participation in qualifying programming and productive activities regardless of their PATTERN recidivism risk score. 18 U.S.C. § 3632(d)(4). Inmates who receive a "minimum" or "low" PATTERN recidivism risk score over two consecutive assessments can also earn an additional five days of time credits (for a total of fifteen days) for every thirty days of successful participation in qualifying programming or productive activities. 18 U.S.C. § 3632(d)(4)(A)(ii). Thus, a prisoner's PATTERN score may affect the rate at which an inmate earns FSA time credits.

Here, Mathers asserts that without the alleged erroneous addition of six PATTERN recidivism score points, he would be eligible to be designated at a "low" recidivism risk level, instead of his current "medium" recidivism risk level. (*Id*.). The

Court notes several issues with this argument. First, Petitioner's assertion relies, at least in part, on credits he expects to earn in the future. (Doc. 1, p. 5) ("and a final (3) points upon completion of last A.C.E. classes in June of 2026."). The Court has concerns about a Petition premised on credits not yet earned—and which may never be earned. Moreover, the record is clear that without the final three-point reduction anticipated in June of 2026, even if the Court were order the six points assigned for absconding removed, Mathers would still be classified in the "medium" level, meaning there would be no impact to FSA credit accumulation. (*See id.*).

Second, habeas petitions are limited to challenges to the validity or duration of a prisoner's confinement. *Pischke v. Litscher*, 178 F.3d 497, 499-500 (7th Cir. 1999) (habeas is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in some meaningful sense"). While Mathers asserts that the potential change from "medium" to "low" would impact the accumulation of FSA credits, such credits can only be applied after an inmate's PATTERN risk assessment score is a low or minimum for two consecutive assessments, *see* 18 U.S.C. § 3632(g)(1)(D)(i), and the inmate has earned time credits that equal the remainder of his sentence*, see Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. June 29, 2022) ("[T]he BOP is permitted to apply time credits only once an inmate has earned time credits that equal the remainder of [his] sentence.") (quotations omitted).

Currently, Mathers's projected date of release is January 28, 2032. *See Find an inmate.*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ [https://perma.cc/7CKY-Z5UZ] (last visited Feb. 4, 2026) (search for Inmate Locator No. 10509-509). Mathers does not state that he has earned enough FSA credits to

entitle him to pre-release custody or supervised release, which puts his petition outside the reach of habeas relief. Additionally, even if he were awarded credits based on obtaining a "low" recidivism level, FSA reduction is limited to 12 months, 18 U.S.C. § 3624(g)(3), meaning that with his projected release date, his current Petition would not entitle him to habeas relief.

Next, even if this error were redressable through a habeas petition, Mathers has not alleged in his Petition that he went through the appropriate BOP channels to address this alleged error. (*See* Doc. 1). To properly exhaust their administrative remedies, a petitioner must first file an informal complaint with the institution staff. *Garcia v. Emmerich*, No. 25-CV-323-WMC, 2025 WL 1859156, at *1 (W.D. Wis. June 18, 2025) (citing 28 C.F.R. § 542.13(a)). If the complaint is not resolved informally, petitioner must next file an administrative remedy request on a BP-9 form at the institution where they are incarcerated. *Id.* (citing 28 C.F.R. § 542.14(a)). If petitioner is not satisfied with the warden's response to the BP-9 form complaint, they may appeal to the Regional Director on a BP-10 form within 20 days. *Id.* (citing 28 C.F.R. § 542.15(a)). If unsatisfied with the Regional Director's response to the BP-10 form, petitioner may appeal on a BP-11 form to the Office of General Counsel within 30 days. *Id.* (citing 28 C.F.R. § 542.15(a)). To reiterate, complete exhaustion of remedies is required. *Id.*; *see Beam*, 2025 WL 1359903, at *1.

That being said, exhaustion can be excused when:

(1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has

predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). "In other contexts, exhaustion can also be excused when "prison officials prevent inmates from using the administrative process . . . ." *Moon v. Walton*, No. 12-CV-636-DRH-DGW, 2013 WL 3453691, at *3 (S.D. Ill. July 9, 2013) (quoting *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). "Moreover, when considering whether common-law exhaustion requirements have been met, the Court may consider whether, in a particular case, the requirement is waived because an 'agency had placed unreasonable restrictions on access to them.'" *Id.* (quoting *Glisson v. U.S. Forest Serv.*, 55 F.3d 1325, 1327 (7th Cir. 1995)).

As discussed *supra*, the assessment of PATTERN scores and the assignment of points is conducted by BOP, making them redressable by BOP. As a result, Mathers must seek relief via the four-tier review process to challenge this assignment of points *prior* to filing in federal court. *Sewell*, 2023 WL 1110289, at *2 ("Where, as here, a petitioner complains that errors have been made with respect to internal BOP policies and calculations, it is the BOP that must be given the first opportunity to correct any such errors."). The Court concludes that none of the circumstances which may warrant waiving the exhaustion requirement are present. As a result, because Petitioner has not alleged that he pursued any level of administrative review, (*see* Doc. 1), the Court concludes that it plainly appears from the face of the Petition that the Petitioner is not entitled to relief in the district court.

CONCLUSION

For the reasons set forth herein, Christopher Mathers's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  February 10, 2026**


<u>**s/ *Stephen P. McGlynn***</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**